Matthew C. Helland, SBN 250451
Helland@nka.com
Daniel S. Brome, SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Jason T. Brown,  NJ Bar ID 35921996*
jtb@jtblawgroup.com
Nicholas Conlon, NJ Bar ID 34052013*
nicholasconlon@jtblawgroup.com
Lotus Cannon, NY Bar ID 964031*
lotus.cannon@jtblawgroup.com
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
*Pro Hac Vice* Application forthcoming

ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Parr**,** individually and on behalf of others similarly situated, and on behalf of the general public,<br><br>        Plaintiff,<br><br>vs.<br><br>Stevens Transport, Inc., Stevens Transport T L., Inc, Stevens Transport CO. Inc., Stevens Transport CD, Inc. (dba Stevens Transport),<br><br>        Defendants. | **Civil Case No.:**<br><br>**(1) Minimum Wage (Cal. Labor Code §§ 1182.11, 1194, et seq., IWC Wage Order No. 9, Minimum Wage Order)**<br><br>**(2) Failure to Provide Off-Duty Meal Periods (Cal. Labor Code §§ 226.7, 512, IWC Wage Order No. 9)**<br><br>**(3) Failure to Provide Off-Duty Paid Rest Periods (Cal. Labor Code §§ 226.7, IWC Wage Order No. 9)**<br><br>**(4) Failure to Timely Provide Code-Compliant Wage Statements (Labor Code § 226)**<br><br>**(5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of Labor Code §§ 201-203;** |

**(6) Violations of the Unfair Competition Law (UCL) (Business & Professions Code §§ 17200-09)**

**Jury Trial Demanded**

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.    This class action is brought by Jeremy Parr ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Nichols Kaster PLLP and Brown, LLC, against Stevens Transport, Inc., Stevens Transport T L., Inc, Stevens Transport CO. Inc., Stevens Transport CD, Inc. (dba Stevens Transport) to recover unpaid minimum wage and other relief relating to violations of the California Labor Code and California's Industrial Welfare Commission Wage Order No. 9 ("IWC Wage Order No. 9").

2.    Plaintiff worked as a truck driver for Defendants and seeks relief for violations of California law arising out of Defendants' policy of failing to pay minimum wage for all hours worked; failing to provide off-duty meal periods; failing to permit and authorize paid, off-duty rest periods; failing to provide accurate itemized wage statements, and failing to timely pay all wages due, all in violation of the California Labor Code and California's Industrial Welfare Commission Wage Order No. 9 ("IWC Wage Order No. 9").[1]

3.    Through this action Plaintiff, on his own behalf and on behalf of the class, seeks unpaid minimum wages, liquidated damages, meal and rest period premiums, penalties for failure to provide accurate wage statements, penalties for failure to timely pay all wages due, restitution, interest, and attorneys' fees and costs.

---

[1] Plaintiff is aware of the Grant of Petition of Determination of Preemption, issued December 28, 2018 by the Federal Motor Carrier Safety Administration, finding that California's meal and rest period laws are preempted by federal law.  That Order is being challenged at the United States Court of Appeals for the Ninth Circuit in case number 18-73488. Plaintiff believes it is appropriate to stay his meal and rest period claims pending that review.

**JURISDICTION AND VENUE**

4.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because at least one member of Plaintiff's class is a citizen of a state different from Defendants, there are over 100 members in the putative class, and the amount in controversey exceeds $5,000,000.

5.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b)(1) and (2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district.

7.     **Intradistrict Assignment.** Pursuant to Local Rule 3-2 this matter should be assitned to the Oakland or San Francisco Divisions of the Northern District of California because this action arises in Alameda County.

**PARTIES**

**Plaintiff**

8.     Plaintiff Jeremy Parr is an adult resident of Jackson County, Missouri.

9.     Plaintiff was employed by Defendants as a Truck Driver from approximately August 25, 2018 through April 26, 2019.

10.     Plaintif drove for Defendants within the state of California on several occasions. By way of example, in November 2018 Plaintiff completed a trip from Dallas, Texas to Oakland, California. After completing the trip to Oakland, Plaintiff then drove to Austin, Texas.

11.     Plaintiff brings his class action claims on behalf of himself and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23. Plaintiff and other "Rule 23 California Class" members are truck drivers who drove within California for Defendants within the applicable statutory period for the claims alleged in this Complaint.

CLASS ACTION COMPLAINT

12. At all relevevant times, Defendants are, and have been, "employers" of Plaintiff and the Rule 23 California Class members within the meaning of California law.

**<u>Defendants</u>**

13. Defendants Stevens Transport, Inc., Stevens Transport T L., Inc., Stevens Transport Co., Inc, and Stevens Transport CD, Inc. (collectively "Stevens Transport") are Texas Corporations, and share a common business address of 9757 Military Parkway, Dallas, TX, 75227. Stevens Transport is engaged in the hauling and delivery of freight across the United States.

14. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Stevens Transport is sufficiently interrelated and integrated in its activities, labor relations, ownership, and management that it may be treated as a single employer for purposes of the instant action.

<u><b>FACTUAL ALLEGATIONS</b></u>

15. At all relevant times, Defendants employ and have employed truck drivers, such as Plaintiff, who were responsible for transporting time-sensitive freight, such as food, to and from Defendant's designated pick-up and drop-off locations.

16. When Plaintiffs and other truck drivers deliver freight to destinations and from in California, they work more than six hours within the state of California.

17. Defendants had a policy of willfully and unlawfully paying Plaintiff and other Rule 23 California Class members  a mileage rate only, without separate compensation for non-driving work activities, thereby failing to pay them the minimum wage for all hours worked, in violation of state law.

18. Specifically, and by way of example, Defendants' mileage-based compensation scheme did not provide separate payment for Plaintiff's time spent fueling his truck or for time spent performing required inspections on his truck. Defendants also required that Plaintiff and other truck drivers have their truck cleaned between deliveries, but did not provide separate payment for that work task. Defendants also required that Plaintiff and other truck drivers stay with their truck while it was being loaded and unloaded, but did not pay Plaintiff or other truck drivers for this

work time unless the loading or unloading lasted more than two hours, and then Defendants only paid for the time past two hours. Plaintiff performed these uncompensated work activities within the state of California, including on his trip to Oakland in November 2018.

19.    Plaintiff was responsible for his truck during his non-driving time, including the time he was sleeping, but Defendants did not pay him for this time.

20.    Defendants' policy was that Plaintiff and other Rule 23 California Class Members were to take one 30-minute break for every 11 hours driven. As a result, Plaintiff and other truck drivers often drove over 6 hours in a day in the state of California without any breaks.

21.    Defendants did not provide any extra compensation for time spent on breaks, even though Plaintiff and other truck drivers were responsible for their trucks during breaks, and therefore were not completely relieved from duty.

22.    Defendants did not provide premium pay for missed meal or rest periods.

23.    The pay stubs Defendants provided Plaintiff and California Rule 23 Class Members failed to disclose, among other things, the total hours worked and the rates of pay. Defendants knew that their paystubs failed to include this information.

24.    Plaintiff has left his employment with Defendants, but Defendants have not paid Plaintiff all the wages due and owing to him, as outlined in this complaint.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and as a class action on behalf of all similarly situated truck drivers, the class members, hereinafter to be referred to as the "Rule 23 California Class," to be defined as:

> *All current and former truck drivers employed by Defendant who drove within California for Defendant at any time during the applicable statutory period for the claims alleged in this complaint.*

26.    This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

27.    The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least forty (40) class members.

28.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and other members of the class which predominate over any questions affecting only individual members, including:

a.    Whether Defendants are liable to members of the class described above for violations of the applicable labor codes;

b.    Whether Defendants failed to pay members of the class described above for all hours worked;

c.    Whether Defendants failed to provide off-duty meal periods;

d.    Whether Defendants failed to permit and authorize paid, off-duty rest periods;

e.    Whether Defendants knowingly and intentionally failed to provide accurate wage statements; and

f.    Whether Defendants willfully failed to pay all wages due at termination of employment.

29.    This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the class members, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein.

30.    Like all class members, Plaintiff was damaged by Defendant's system-wide policies and practices of failing to pay wages for all hours worked, failing to provide off-duty meal periods and failing to permit and authorize paid, off-duty rest periods, thus giving rise to legal remedies under applicable California labor law.

31.    Plaintiff has no interests antagonistic to the interests of other class members.

32.    Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is adequate and will fairly and adequately protect the interests of the class.

33.    A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

34.    Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the classes, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable state wage statutes of a type that have often been prosecuted on a class wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Failure to pay Minimum Wage For All Hours Worked Under Cal. Labor Code §§ 1182.11, 1194, et seq. and IWC Wage Order No. 9, Minimum Wage Order

**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

35.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

36.    At all times relevant to this complaint, Labor Code §§ 1182.11, 1182.12 and 1197, IWC Wage Order No. 9, and the Wage Order 9 were in full force and effect and required that Defendants' California nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate of $9.00 per hour commencing July 1, 2014; $10.00 per hour commencing January 1, 2016; $10.50 per hour commencing January 1, 2017; $11.00 per hour commencing January 1, 2018; $12.00 per hour commencing January 1, 2019.

37.    At various times throughout the relevant liability period, Defendants required Plaintiff and other Rule 23 California Class members to perform various tasks and be subject to Defendants' control without compensation. This uncompensated time included, but was not

limited, to time performing pre-trip, post-trip and other inspections, cleaning and refueling the vehicle, on duty breaks, sleep time while maintaining responsibility for the truck, and time spent with the truck while it was being loaded and unloaded.

38.    As a result of the mileage-rate system and failing to compensate Plaintiff and other Rule 23 California Class members for all work activities, Defendants failed to pay Plaintiff and other Rule 23 California Class members minimum wages for all hours worked, as required by law.

39.    As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and other Rule 23 California Class members were deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2.

40.    By violating Labor Code §§ 1182.11, 1182.12 and 1197, and Wage Order No. 9, Defendants are also liable for reasonable attorneys' fees and costs under Labor Code § 1194.

41.    Plaintiff requests relief as described below.

## SECOND CAUSE OF ACTION

### Failure to Provide Off-Duty Meal Periods

**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

42.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

43.    Plaintiff and other Rule 23 California Class members regularly worked in excess of five (5) hours a day without taking at least a 30-minute meal period in which they were relieved of all duties, as required by Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, § 11(A). Plaintiff and other Rule 23 California Class members also frequently worked in excess of 10 hours in a day without taking a second 30-minute meal period in which he was relieved of all duties.

44.    Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and other Rule 23 California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7(b) and IWC Wage Order No. 9 § 11(B).

45.    Plaintiff requests relief as described below.

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Failure to Provide Off-Duty Paid Rest Periods**

**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

46.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

47.     Plaintiff and other Rule 23 California Class members regularly worked in excess of three and a half hours a day without being afforded at least a paid 10-minute rest period in which they were relieved of all duties, as required by Labor Code §§ 226.7, and IWC Wage Order No. 9, § 12(A).

48.     Because Defendants failed to afford proper paid rest periods, they are liable to Plaintiff and other Rule 23 California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7(b) and IWC Wage Order No. 9, § 12(B).

49.     Plaintiff requests relief as described below.

**FOURTH CAUSE OF ACTION**

**Failure to Timely Provide Code-Compliant Wage Statements Pursuant to Labor Code § 226**

**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

50.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

51.     Defendants, in violation of Labor Code § 226(a), knowingly and intentionally failed to furnish Plaintiff and other Rule 23 California Class members with accurate, itemized wage statements showing all items required pursuant to said code section, including, but not limited to, total hours worked, rates of pay, and hours worked at each rate of pay.

52.     Pursuant to Labor Code section 226(e)(2), Plaintiff and class members suffered injury because, due to Defendants' failure to provide the required information, Plaintiffs and other Rule 23 Class Members could not promptly and easily determine, among other things, their hours worked, rates of pay, and hours worked at each rate of pay.

53.     Plaintiff requests relief as described below, including damages and/or penalties pursuant to Labor Code §226(e)(1) for each violation by Defendants of Labor Code §226(a) and an award of reasonable attorneys' fees and costs pursuant to Labor Code §226(h).

**SEVENTH CAUSE OF ACTION**

**Late Pay and Waiting Time Penalties Pursuant to California Labor Code §§ 201-203**

**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

54.    Plaintiff on behalf of himself and other members of the California Rule 23 Class incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

55.    California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

56.    Plaintiff and other Class Members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

57.    Defendants failed to pay the earned and unpaid wages of all Plaintiff within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

58.    Defendants willfully failed to timely compensate Plaintiff and other Class Members for all hours worked. As a result, Defendants are liable to Plaintiff and other Class Members whose employment ended within the year prior to suit for waiting time penalties under California Labor Code section 203.

**EIGHTH CAUSE OF ACTION**

**Violations of the Unfair Competition Law**

**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

59.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

60.    Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

61.    Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

62.    Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

    a.    failing to provide adequate, off-duty meal periods to Plaintiff and other Rule 23 California Class members and failing to pay them premium pay for missed meal periods;

    b.    failing to permit and authorize adequate and paid off-duty rest periods to Plaintiff and other Rule 23 California Class members and failing to pay them premium pay for missed/unpaid rest periods; and

    c.    failing to pay minimum wage compensation to Plaintiff and other Rule 23 California Class members for all hours worked.

63.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

64.    As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants received and continues to hold ill-gotten gains belonging to Plaintiff and other Rule 23 California Class members. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and other Rule 23 California Class members suffered economic injuries including, but not limited to, compensation for missed meal and rest periods and loss of minimum wages. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of that unpaid compensation and interest accrued by Plaintiff and other Rule 23 California Class members.

65.    Plaintiff and other Rule 23 California Class members are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid minimum wages, missed meal and rest period compensation, and interest for four years prior to the filing of this action.

66.    Plaintiff's success in this action will enforce important rights affecting the public interest. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself and others similarly situated. Plaintiff seeks and is entitled to reimbursement of unpaid compensation, declaratory relief, and any other appropriate remedy.

CLASS ACTION COMPLAINT

67.    In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts and continuing those acts, an order requiring Defendants to restore such moneys in which Plaintiff and other Rule 23 California Class members have an ownership interest, including the unpaid compensation complained of herein.

68.    Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

69.    Pursuant to Business & Prof. Code §17203, Plaintiff and other Rule 23 California Class members are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendants' business practices were unfair within the meaning of the statute.

70.    Plaintiff requests relief as described below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendants as follows:

a.    That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

b.    That Plaintiff be designated as the representative of the Rule 23 California Class, and Plaintiff's Counsel be designated class counsel;

c.    That Defendants be ordered and enjoined to pay damages and restitution to Plaintiff and other Rule 23 California Class members due to Defendants' unlawful activities, pursuant to California state law cited above;

d.    That Defendants be further enjoined to cease and desist from unlawful activities in violation of state laws cited above;

e.    Judgment that Defendants violated the Labor Code and IWC Wage Order No. 9 as to Plaintiff and other Rule 23 California Class members by:

1.    Failing to pay at least the applicable minimum wage for all hours worked;

2.  Failing to provide 30-minute, off-duty meal periods to Plaintiff and other Rule 23 California Class members;

3.  Failing to authorize or permit 10-minute, paid, duty-free rest periods to Plaintiff and other Rule 23 California Class members;

4.  Failing to provide Plaintiff and other Rule 23 California Class members with itemized statements of showing all hours worked, rates of pay, and hours worked at each rate of pay;

5.  Failing to pay all wages due and owing at the time of termination of employment, resulting in unpaid waiting time penalties;

6.  California Business & Professions Code sections 17200-17209, by failing to provide off-duty meal periods and/or pay meal period compensation to Plaintiff and other Rule 23 California Class members, and by failing to pay Plaintiff and other Rule 23 California Class members minimum wage compensation.

f.    An award to Plaintiff and other Rule 23 California Class members of unpaid minimum wage compensation, liquidated damages, penalties, and meal and rest period compensation, including interest thereon, subject to proof at trial;

g.    That Defendants be ordered to pay restitution to Plaintiff and other Rule 23 California Class members for amounts gained through Defendants' unlawful activities pursuant to Business and Professions Code sections 17200-05 and enjoined to cease and desist from unlawful and unfair activities in violation of California Business and Professions Code section 17200 et seq.;

h.    An award to Plaintiff and other Rule 23 California Class members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and California Labor Code sections 226, 1194, and/or other applicable law; and

i.    An award to Plaintiff and other Rule 23 California Class members of such other and further relief, in law or equity, as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jeremy Parr, individually and on behalf of all others similarly situated, by and

through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: May 14, 2019                          NICHOLS KASTER, LLP
                                             BROWN, LLC

                                              s/ Matthew C. Helland
                                             Matthew C. Helland
                                             Attorneys for Plaintiff and Others Similarly Situated

CLASS ACTION COMPLAINT